BLANCHE, Judge.
Plaintiff-appellee, E. Guy Martin, as State Purchasing Director and a participating member of the Louisiana State Employees Retirement System, was certified for full retirement to commence August 1, 1970. Though plaintiff had reached age sixty-five, the mandatory retirement age, in 1968, he did not retire at that time but received written approval on two different occasions from the Commissioner of Administration to continue his employment on a year-to-year basis. When his third request for an extension of employment was denied, he made application for retirement, selecting “Option 3,” which provided retirement benefits of $678.75 per month. Thereafter, he received three retirement checks for the months of August, September and October, 1970. On the day plaintiff’s retirement commenced, August 1, 1970, his employment with the Department of Education began. With this state agency he was employed as Director of Office Services at a salary of $1,333.33 per month. He did not contribute to the Louisiana State Employees Retirement System but paid Social Security. By letter dated October 29, 1970, plaintiff was informed that his retirement benefits were being suspended effective November 1, 1970, for the duration of his state employment because of the adoption of Rule 8.24 by the Board of Trustees. This rule provided that whenever a regular retiree of the retirement system returned to state employment and his earnings in such employment were more than fifty percent of the monthly retirement benefits paid by the system, the full monthly retirement benefit to such person from the system was to be suspended for every month of such state employment. Thereafter, plaintiff filed suit seeking reinstatement to full retirement from the Lou-isana State Employees Retirement System-Defendant reconvened, seeking to obtain a judgment for recovery of retirement benefits paid in August, September and October, 1970, plus judgment for six percent of plaintiff’s earnings with the Department of Education, the amount required to be paid into the retirement system by all employee members. The trial judge rendered judgment for plaintiff, ordering that he be reinstated to his full retirement benefits effective November 1, 1970, and dismissing the reconventional demand. Defendant suspensively appealed. We reverse.
Plaintiff’s posture before the court is that of one having been required by the mandatory provisions of the state retirement law to retire from state service and on the next day after his retirement having been employed by another state agency as an unclassified employee (purportedly on a part-time basis) [1] and drawing thereafter *77 both the salary from his employment as well as his retirement benefits. The question is whether under the provisions of the Louisiana State Employees Retirement System plaintiff is entitled to receive benefits without withdrawing from state service. Reference to certain provisions of the act requires a negative answer to the foregoing question.
The Louisiana State Employees Retirement System was created by Act Number 126 of the 1946 Louisiana Legislature and is now contained in LSA-R.S. 42:541 et seq. Under the “Definitions” section of the act it is stated:
“ ‘State Service’ means all offices and positions of trust or employment in the employ of the state, or any department, independent agency, board or commission thereof, and shall also include all offices and positions of trust or employment in the employ of joint state and federal agencies administering state and federal funds.” (LSA-R.S. 42:543 [22])
See, also, the definition of “position” as contained in subsection 16 thereof.
From the foregoing it is obvious that plaintiff as an employee of the State Department of Education is one engaged in state service. With respect to those who become employees in the state service, Section 551 requires that such employees as a condition of employment “shall become members of the system” with certain exceptions not here pertinent.
At the time plaintiff made application for retirement benefits, Section 585, as amended by Act 175 of 1970, effective June 30, 1970, provided that “[e]ffective beginning August 1, 1970, any member * * * shall be retired upon attaining age sixty-five provided said member is eligible for regular retirement.” That same provision contains the sole exception when employment in the service of the state may be extended, and there it is provided:
“ * * * The appointing authority may extend the member’s employment for periods of one year by certifying that his superior skills and knowledge make his continued employment advantageous to the state. * * * ”
Therefore, the act by one provision in mandatory language requires plaintiff’s retirement and by another provision requires that he become a member of that system if employed in the state service.
We are of the opinion that the foregoing provisions are mutually exclusive and require our conclusion that it was not intended by the retirement law that one whose compulsory retirement is required could reenter the service of the state. The only basis for an employee’s further continuance in state service is contained in the above section which provides that the employee’s service may be extended upon certification by the appointing authority that the employee’s superior skills and knowledge make his continued employment advantageous to the state. In the instant case plaintiff’s employment is without such certification. Therefore, in line with the foregoing expression of legislative intent, the obvious conclusion is that if an employee is required to be retired, he is not entitled to both retirement benefits and a salary if he returns to state employment contrary to the compulsory retirement provisions of Section 585. Any other interpretation would completely negate the purpose of the foregoing provision of the retirement act.
The provisions of LSA-R.S. 42:581 et seq., provide for the types of retirement available to state employees. One of the requisite conditions for receipt of a retirement allowance by the terms of the statute is “withdrawal from service.” While retirement from service is not specifically defined in the Louisiana State Employees Retirement System law, the Legislature in other retirement statutes has defined this term to mean the “withdrawal from active *78 service with a retirement allowance.”[2] Reference to those provisions in the Louisiana State Employees Retirement System law at the time of plaintiff’s retirement which provided for various retirements will show that every retirement benefit provision with the exception of the compulsory retirement benefit provision was predicated on “withdrawal from service.” [3] Under the “Definitions” provision of the act “withdrawal from service” means “complete severance of employment in the state service of any member by resignation, dismissal or discharge.” (Emphasis supplied.) Therefore, it is evident that under the other provisions in the statute providing for retirement less than compulsory retirement, withdrawal from service is required. In the case where compulsory retirement is required, it would not have been necessary for the lawmaker to condition the receipt of retirement benefits on withdrawal from state service because it is implicit that there will be a withdrawal from state service when compulsory retirement is required. We are, therefore, of the opinion that the foregoing provision expresses a legislative intent that retirement benefits are only payable when there is an active withdrawal from state service, and, accordingly, plaintiff was not entitled to retirement benefits while he was still in the service of the state.
Since plaintiff received sums from the retirement system to which he was not entitled, the reconventional demand of appellant for the retirement benefits paid plaintiff for the months of August, September and October, 1970, in the amount of $2,276.25 is ordered returned, with legal interest from judicial demand until paid. Defendant and plaintiff in reconvention has also prayed for judgment ordering defendant in reconvention to pay into the retirement system six percent of his salary from the Department of Education from the date of his employment with that agency. In view of our holding that plaintiff’s employment by the state was in contravention of the retirement statute and he is not entitled to its benefits while so employed, neither is he liable for any obligation imposed on him thereunder.
For the aboye and foregoing reasons, the judgment of the trial court is reversed and judgment is rendered herein in favor of defendant rejecting plaintiff’s demand. There is further judgment rendered in favor of plaintiff in reconvention and against the defendant in reconvention for the sum of $2,276.25, with legal interest from judicial demand until paid. All costs of these proceedings are assessed to plaintiff-appellee.
Reversed and rendered.

. Plaintiff’s salary on a part-time basis amounted to $1,333.33 per month for a thirty-six hour week. The distinction between “part time” vis-a-vis “full time” is a Civil Service regulation which requires a forty-hour week for a full-time classified employee.

. State Teachers Retirement System— LSA-R.S. 17:571; State School Employees’ Retirement System — LSA-R.S. 17:882; Orleans Parish School Employees Retirement System — LSA-R.S. 17:1011; School Lunch Employees’ Retirement System — LSA-R.S. 17:1231; Registrars of Voters Employees’ Retirement System — LSA-R.S. 18:1651; Retirement Plan — Elective Officials in Municipalities of 25,000 or More — LSA-R.S. 33:1791; Parochial Employees Retirement System — LSA-R.S. 33:6101; Municipal Employees Retirement System— LSA-R.S. 33:7151.

. LSA-R.S. 42:581 — Retirement Prior to Age Sixty; LSA-R.S. 42 :582 — Retirement at Age Sixty.