MARCUS, Justice.
This action arises out of a petition by the plaintiff for reinstatement to the status of full retirment from state service including the resumption of monthly annuity payments due him in accordance with the Louisiana State Employees’ Retirement Law, R.S. 42:541 et seq.
Plaintiff, E. Guy Martin, as an employee of the State of Louisiana, Division of Administration, was a participating member of the Louisiana State Employees’ Retirement System and had some thirty-two years of state service. He had been a member of the System from the date of its establishment in 1946. Upon reaching the mandatory retirement age of sixty-five in 1968, plaintiff was twice granted written permission to continue employment on a year-to-year basis. When the third such request was denied in 1970, he made application for retirement, selecting “Option 3” which provided retirement benefits of $678.75 per month. Certification was granted under date of July 13, 1970, and plaintiff commenced retirement on August 1, 1970. Thereafter, he received three retirement checks for the months of August, September and October, 1970. At the time of his retirement, plaintiff was earning a monthly salary of $1,520.00.
On August 1, 1970, the first day of his separation from service and retirement under R.S. 42:585, as amended by Act 175 of 1970,[1] plaintiff commenced employment as Director of Office Services in the Department of Education at a salary of $1,333.33 per month. Plaintiff was required to work 36 hours weekly. He paid Social Security, but made no contribution out of his salary to the Retirement System.
By letter dated October 29, 1970, plaintiff was informed that his retirement benefits were being suspended effective November 1, 1970, for the duration of his state employment because of the adoption of Rule 8.24 by the Board of Trustees on September 15, 1970. This Rule provides that whenever a regular retiree of the Retirement System returns to state employment and his earnings in such employment are more than 50% of the monthly retirement benefits paid by the System, the full monthly retirement benefits to such person from the System are to be suspended for every month of such state employment.
Thereafter, plaintiff filed suit seeking reinstatement to full retirement in the State Employees’ Retirement System. Defendant answered denying that plaintiff had retired in fact and further reconvened seeking to obtain a judgment for recovery of benefits paid in August, September and October, 1970, plus judgment for 6% of plaintiff’s earnings from the Department of Education, the amount required to be paid into the Retirement System by all employee members. The trial judge rendered judgment for plaintiff, ordering that he be reinstated to his full retirement benefits effective November 1, 1970, and dismissing the reconventional demand. Defendant appealed. The Court of Appeal reversed.[2] It rendered judgment in favor of defendant, rejecting plaintiff’s demand and further rendered judgment in favor of the Louisiana State Employees’ Retirement System and against Mr. Martin for the sum of $2,276.25 (the retirement benefits paid for the months of August, September and October, 1970), with legal interest from judicial demand until paid. Thereafter, plaintiff was granted a writ of review by this Court, 262 La. 456, 263 So.2d 723.
*912 At the time of plaintiff’s retirement, Rule 8.17 of the Rules and Regulations of the Board of Trustees was in effect. This Rule specifically provided that retirement benefits would not be affected by part-time state employment, but would be suspended only during full-time state employment. Plaintiff contends that he relied upon this Rule at the time of his retirement; and, since he was working only 36 hours per week, he was a part-time employee and, accordingly, his retirement benefits should not be affected. Plaintiff urges that to apply Rule 8.24, adopted by the Board subsequent to his retirement, to him is tantamount to impairment of the obligation of a contract in that it amounts to the denial of a vested right. Plaintiff further invokes the provision of R.S. 42:601 (now R.S. 42:576) that retirement once granted “shall not be increased, decreased, revoked or repealed, except for error, or except where specifically otherwise provided by this Chapter.”
The defendant takes the position that the plaintiff never retired in fact, for, on August 1, 1970, the date after certification of his retirement, he continued in state service in the employ of the Department of Education at a salary of $1,333.33 per month. Defendant contends that not only the letter but the spirit of Section 585 of Title 42 requires mandatory retirement upon attaining age sixty-five, provided said member is eligible for regular retirement, and such individual cannot return to state service and continue to receive retirement benefits. The only exception to this is proper certification as provided in that Section for the extension of state service on a yearly basis.
The issue in this case is whether, under the provisions of the Louisiana State Employees’ Retirement System, plaintiff, who has been retired under Section 585, is entitled to receive benefits while continuing in state service.
We conclude that he is not.
At the time plaintiff made application for retirement benefits, Section 585, as amended by Act 175 of 1970, effective June 30, 1970, provided that:
“Effective beginning August 1, 1970, any member, except elected officials and department heads appointed and commissioned by the governor, shall be retired upon attaining age sixty-five provided said member is eligible for regular retirement. If said member is not eligible for regular retirement upon attaining age sixty-five, he shall be retired upon attaining regular retirement eligibility. The appointing authority may extend the member’s employment for periods of one year by certifying that his superior skills and knowledge make his continued employment advantageous to the state.”
The record is devoid of any extension, and there is no contention that the appointing authority under Section 585 extended plaintiff’s employment for a period of one year by certifying that his superior skills and knowledge made his continued employment advantageous to the state beyond July 31, 1970.
It is our opinion that the legislative intent expressed in Section 585 of Title 42 above contemplates compulsory retirement at age sixty-five and does not sanction a return to state service. Of course, continuation in state service on a year-to-year basis without retiring is allowed upon proper certification and authorization.
The implicit intention of the Legislature is that, if an employee is required to be retired, he is not entitled to retirement benefits and a salary if he returns to state employment contrary to the compulsory retirement provision of Section 585. Any other interpretation would completely negate the purpose and provision of this Section of the law.
*913 Plaintiff spends much of his argument on the question of whether the Board of Trustees can, by rule, change the conditions of a vested retirement. We have no quarrel with his citations of the law; however, we do question plaintiff’s contention that a rule or regulation of the Board is at issue in this case. The retirement law itself supports this position. R.S. 42:615 provides that: “* * * Subject to the limitations of this Chapter, the board shall establish rules and regulations for the administration of the system * * * to carry out the intent and purposes of the legislature.” One of the limitations of the Chapter is that no employee eligible for retirement shall continue in state service beyond the age of sixty-five, except under certain conditions which are not met in this case.
In view of this provision of the retirement law, the Board could not adopt a valid rule on employment beyond the age of sixty-five years which contains provisions conflicting with those provided by the Legislature in Section 585 of Title 42.
For the foregoing reasons, the judgment of the Court of Appeal, First Circuit, is affirmed.
CALOGERO, J., concurs.
BARHAM, J., dissents.

. This section, at the time of the instant litigation, was the applicable law. It has since been amended by Act 135 of 1972 and is now R.S. 42 :572.

. Martin v. Louisiana State Employees’ Retirement System, La.App., 262 So.2d 75.