Dear Senator Hollis:
You have requested an opinion of this office as to whether Act579 of 1989 is substantive or procedural and whether it is prospective or retroactive. We have obtained additional information from your legislative aide who has informed us that your question relates to a particular individual who retired from state service in January, 1987 and was re-employed in February, 1988. Subsequent to the adoption of Act 579, the retirement system in October, 1990 demanded that the retirement benefit of the employee be reduced for the Fiscal Year of 1989-1990.
The pertinent amendment by Act 589 was made to Paragraph B of LSA-R.S. 42:574 (now redesignated as LSA-R.S. 11:443) which was changed to require reduction of retirement benefits for the following fiscal year to equal the amount that the employee earned in excess of 50% of his annual retirement benefit for the prior fiscal year. Prior to the effective date of Act 579, the reduction was equal to one-half of the amount that had been earned in excess of 50% of his annual retirement benefit for the prior fiscal year.
We note that effective date of Act 579 was September 3, 1989. We believe that LSA-R.S. 42:574, as amended by Act 412 of 1986, would have applied to the employee from July 1, 1989 until September 2, 1989, permitting a reduction in retirement benefits of the employee, i.e. one-half of the amount earned in excess of 50% of his annual retirement benefit, and that for the period of September 3, 1989 until June 30, 1990, the provisions of Act 589 would apply so that the reduction would equal the amount that the employee earned in excess of 50% of his annual retirement benefit.
Court decisions have viewed enactments of the legislature which pertain to retirement systems as "remedial", and when those provisions provide a benefit for the employee-retiree they may be construed liberally in his favor and thus retrospectively. However, in this case the retrospective application would not prove beneficial to the individual and we have applied the amendment to apply prospectively. We are unaware of any law or jurisprudence that would entitle the retiree to be immune from any subsequent amendments to conditions such as those made by Act 579.
In Martin v. Louisiana State Employees Retirement System,280 So.2d 910, (La. 1973) the retirement system adopted a rule subsequent to Martin's retirement which suspended the retirement benefits of a re-employed retiree who earned more than 50% of his monthly retirement benefit. The court upheld the rule but prohibited the retroactive application so that Martin did not have to make payments for "excess" benefits received prior to the adoption of the rule.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KENNETH C. DEJEAN Assistant Attorney General
KCD:ams:1586y